May Term, 1841.

CHAMBERLAIN
v.
THE STATE.

---

CHAMBERLAIN *v.* THE STATE.

An indictment against a person for retaining in his possession an instrument for counterfeiting, &c., should describe, by name or otherwise, the instrument retained, and allege that it was knowingly retained.

ERROR to the *Noble* Circuit Court.

*Monday, June 7.*

SULLIVAN, J.—The defendant was indicted for retaining in his possession apparatus made use of in counterfeiting the silver coin of the *United States.* The indictment contained six counts. He was found guilty on the fourth and sixth counts, and acquitted on the first, second, third, and fifth. Motion in arrest of judgment overruled, and judgment on the verdict.

The sixth count charges " that the defendant, on, &c., at, &c., had in his possession, and did then and there for a long space of time, to wit, &c., knowingly retain in his possession a certain instrument or apparatus designed, made, and intended to be used, for the purpose of forging or counterfeiting the silver coin of the *United States* of the kind or denomination called half dollars," &c. This count is too vague and uncertain. It should have described, by name or otherwise, the instrument alleged to be in the defendant's possession. The gist of the offence consists in retaining the possession of an instrument, of which use is made in counterfeiting, and it should have been described in the indictment, that it might appear to be such an instrument, and that the defendant might prepare his defence.

The fourth count is defective for the same reason, and, also, for not alleging that the apparatus was "knowingly" retained by the defendant in his possession. R. S. 1838, p. 209, sect. 10.

*Per Curiam.*—The judgment is reversed. To be certified, &c.

*H. Cooper*, for the plaintiff.

*W. J. Peaslee*, for the state.